UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE BEHRENDS REVOCABLE TRUST, et al.,      )
                                           )
                        Plaintiffs,        )
                                           )
v.                                         )      Case No. 20-1209-TC
                                           )
THE CITY OF GREAT BEND, KANSAS,            )
                                           )
                        Defendant.         )

## **ORDER**

Homeowners in Great Bend, Kansas, bring this action against the City of Great Bend, alleging the City diverted groundwater into their neighborhood, thereby raising the water table and subjecting their basements to flooding during heavy rains.  In answering the Homeowners' complaint, the City asserted the affirmative defense of comparative fault, arguing the Homeowners' damages, if any, were caused in whole or in part by the negligence or fault of sources other than the City.[1]  Pursuant to the scheduling order, the City filed its comparative-fault designation on October 23, 2020,[2] and filed an amended designation on January 12, 2021.[3]  The Homeowners now move to strike the designations, arguing they do not sufficiently identify the persons or entities whose fault the City alleges,

_____

[1] ECF No. 6 at 5, 6.

[2] ECF No. 14.

[3] ECF No. 23.

1

thereby effectively preventing the Homeowners from adding such third parties to this suit (ECF No. 22).  The motion also seeks to modify the scheduling-order deadline by which the Homeowners may move to join additional parties.  (*Id.*).  Because the Homeowners have not shown the designations, as amended, are legally insufficient, the motion is denied as to the first request.  However, to get this case moving forward on a clear track, the motion is granted as to the extension request and additional discovery is permitted, as discussed below.

In its amended comparative-fault designation, the City lists 16 third parties, in addition to each Homeowner, "whose fault is to be compared pursuant to K.S.A. 60-258a."[4] For each listing, the City briefly states why each entity/person is "potentially at fault."[5] The Homeowners argue the presence of the qualifier "potentially" in the individual descriptions of the nature of the alleged fault renders the designations insufficient.  They contend the designations are unfairly equivocal and will force them "to spend the next four months trying to ascertain why the defendant believes other parties may be 'potentially at fault' and then finding a[n] expert to address those issues."[6]   They also assert they are inhibited in their ability to determine which additional entities/persons they should attempt to add as defendants via an amended complaint.

---

[4] ECF No. 23.

[5] *Id.*

[6] ECF No. 25 at 5.

The court finds the City's amended designations sufficiently identify the entities/persons whose fault the City will compare.  The Homeowners have cited no case, and the court has found none, ruling that an allegation that another is "potentially" (or any other similar qualifier) at fault is insufficient.  To the contrary, courts discussing designations under comparative-fault statutes quite frequently reference third parties "potentially" at fault.[7]

The court is not unsympathetic, however, to the Homeowners' concerns that the designations alone do not aid them in determining whether to add the so-called "phantom parties"[8] whom the City alleges are at fault, as actual parties in the case from whom the Homeowners could potentially recover.  To provide more clarity and in an effort to efficiently move this case forward, the court hereby grants the Homeowners leave to serve,

---

[7] *See, e.g., Lewis v. Cimarron Valley R.R.,* 162 F. Supp. 2d 1220, 1226 (D. Kan. 2001) ("K.S.A. § 60–258a(c) provides a mechanism for a plaintiff or defendant currently in a lawsuit to join other potentially negligent persons in the lawsuit"); *Wood v. PACCAR, Inc.,* No. 19-CV-1010-LRR, 2020 WL 6387379, at *3 (N.D. Iowa June 29, 2020) ("The comparative fault statute requires the comparison of fault of potentially liable parties in cases of negligence, recklessness, and strict liability." (internal quotation and citation omitted)); *Baron v. Directv, LLC,* 233 F. Supp. 3d 441, 445 (D. Md. 2017) (refusing to strike defense that third party is "potentially at fault"); *Cox v. Nestle USA, Inc.*, No. 06-1263, 2008 WL 4443266, at *1 (W.D. Tenn. Sept. 26, 2008) ("An assertion of comparative fault may be proper, even though it does not name a third party, if it provides reasonable notice of a third party's potential fault.").

[8] When a defendant attributes fault to persons not parties in the case, the court proceeds under "the concept of 'phantom parties' to determine comparative fault among joint tortfeasors."  *White Prompt, Inc. v. David A. Kraft & Assocs., LLC*, No. 20-4030-EFM, 2020 WL 6343305, at *2 (D. Kan. Oct. 29, 2020).  If a defendant proves a phantom party or parties is at fault, the defendant will only be held liable to the plaintiff for the percentage of injury attributable to its own fault.  *Id.*

3

by **February 22, 2021,** up to 26 additional contention interrogatories requiring the City to state the principal or material facts supporting its affirmative defense as to each listed entity/person potentially at fault, and to specify and produce the documents it relies on to support those contentions.[9]  The court also grants the Homeowners an extension of time to **April 1, 2021,** to file a motion to amend the pleadings to add additional parties.[10]

IT IS THEREFORE ORDERED that the Homeowners' motion to strike comparative-fault designations and modify the scheduling order is granted in part and denied in part, as set forth above.

Dated February 12, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[9] The City has stated it "reviewed several thousand documents" in determining who to identify on its amended comparative-fault designation.  ECF No. 24 at 4.

[10] Should the Homeowners later believe it necessary, the court will favorably entertain a motion to modify the expert-disclosure deadlines and/or to extend the deadline to complete all discovery.

O:\ORDERS\20-1209-TC-22.docx