UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE BEHRENDS REVOCABLE TRUST, et al., )
)
Plaintiffs, )
)
v. ) Case No. 20-1209-DDC
)
THE CITY OF GREAT BEND, KANSAS, et al., )
)
Defendants. )

**ORDER**

This case comes before the court on the motion (ECF No. 72) of defendants Dennis Call, Ross Vogel, RHP Prairie Rose 1, LLC, and Vogel Properties (the "RHP Defendants") to stay discovery and all further proceedings pending a ruling on their motion to dismiss.[1] Plaintiffs do not oppose the motion to stay.[2] The remaining, non-moving, defendants have not filed a timely response to the motion and are deemed not to oppose it.[3] The motion is granted.

The court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be

---

[1] ECF No. 66.

[2] *See* ECF No. 78.

[3] *See* D. Kan. Rule 7.4.

wasteful and burdensome.[4] Moreover, "it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[5] The decision whether to stay discovery rests in the sound discretion of the court.[6] As a practical matter, this calls for a case-by-case determination.[7]

After the scheduling order was entered in this case, plaintiffs filed an amended complaint naming nine additional defendants.[8] Thereafter, at the request of defendant City of Great Bend, the court conducted a status conference on June 11, 2021, to address the practical consequences of adding these new parties. The court found good cause at the conference to vacate the deadlines and settings in the scheduling order.[9] But the court delayed staying discovery to accord plaintiffs the opportunity to respond in writing to the RHP Defendants' motion to stay. Plaintiffs have now responded that efficiency dictates staying the case.[10] The court agrees.

---

[4] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

[5] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (internal quotation marks, modifications, and citation omitted).

[6] *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[7] *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

[8] ECF No. 35.

[9] *See* ECF No. 76.

[10] ECF No. 78.

First, as the parties recognize, there are defendants who have not yet answered the amended complaint. Thus, "any discovery at this point would have to be repeated once the additional defendants are entered in the case and prepared to undertake discovery."[11] Accordingly, conducting discovery now would be wasteful and burdensome. Second, discovery will not affect the legal issues raised in the motion to dismiss. Third, if the RHP Defendants' motion to dismiss is granted, no claim against them would remain and they would be dismissed from this case. Thus, the posture of this case will become clearer after the motion to dismiss is decided.

IT IS THEREFORE ORDERED:

1. The RHP Defendants' motion to stay proceedings is granted as unopposed and for good cause shown. All discovery is stayed until further order of the court.

2. Within 5 days of the motion to dismiss being ruled, counsel shall confer and file a joint status report with a proposed amended scheduling order. The court will swiftly set new pretrial deadlines in an amended scheduling order.

Dated June 25, 2021, at Kansas City, Kansas.

                                                  s/James P. O'Hara  
                                                  James P. O'Hara  
                                                  U.S. Magistrate Judge

---

[11] *Id.* at 2.